The Honorable Richard A. Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEN BRIDGES LLC, an Oregon limited liability company,<br><br>                                        Plaintiff,<br><br>       v.<br><br>SUSAN D. HOFSTAD; JUSTIN THOMAS; THE ESTATE OF BENJAMIN H. THOMAS; and JOHN DOES 1-10,<br><br>                    Defendants. | Civil Action No. 2:19-cv-01134-RAJ<br><br>**ORDER** |

This matter is before the Court on Defendant Justin Thomas' motion to dismiss. Dkt. # 8.  Defendants Susan D. Hofstad and the Estate of Benjamin H. Thomas join the motion.  Dkt. ## 11, 12.  For the following reasons, the Court **DENIES** the motion.

ORDER - 1

1

## I.   BACKGROUND

2      The following is taken Plaintiff's complaint, which is assumed to be true for the

3   purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007);

4   *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when

5   considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not

6   restricted to the face of the pleadings, but may review any evidence, such as affidavits

7   and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

8      On June 13, 2010, Mr. Benjamin Thomas, Jr. ("Mr. Thomas Jr.") died intestate,

9   leaving two heirs, Defendants Susan D. Hofstad and Justin Thomas. Dkt. # 1 at ¶¶ 1.4,

10  2.3.  Mr. Thomas Jr.'s home was sold at a sheriff's foreclosure sale, later confirmed by

11  the court in a judicial foreclosure action filed in Snohomish County Superior Court.  Dkt.

12  # 1 at ¶ 2.2.  After the foreclosing plaintiff satisfied its judgment, approximately

13  $156,490.44 in surplus proceeds remained.  Dkt. # 1 at ¶ 2.5.  These funds are currently

14  on deposit in the Snohomish County Superior Court registry.  *Id.*

15      In May 2019, Plaintiff Ten Bridges, LLC ("Plaintiff" or "Ten Bridges") contacted

16  Defendant Justin Thomas and offered to purchase his interest in the property for $9,500.

17  Mr. Thomas agreed and executed a Quit Claim Deed in favor of Ten Bridges.  Dkt. # 1 at

18  ¶¶ 2.6–2.8.  Although not a named party in the foreclosure action, Ten Bridges

19  subsequently filed a motion to disburse the surplus proceeds from the foreclosure sale to

20  Ten Bridges based on the Quit Claim Deed.  Dkt. # 1 at ¶ 2.9.  In the motion, Ten Bridges

21  also argued that the only other remaining heir, Ms. Hofstad, had previously disclaimed

22  any interest in the property in November 2012.  *Id.*  The state court denied Ten Bridges'

23  motion without prejudice, holding that the motion was not appropriate for the "civil

24  motions calendar" and the surplus proceeds could not be disbursed until the parties'

25  respective rights were adjudicated in a "separate action."  Dkt. # 8-1 at 10.

26      Ten Bridges now brings this action against Defendants, alleging claims for

ORDER - 2

1   declaratory judgment, promissory estoppel, breach of contract, and unjust enrichment.

2   Dkt. # 1.  Defendants move to dismiss for lack of subject matter jurisdiction.  Dkt. # 8.

3                              **II.    DISCUSSION**

4          Federal courts are tribunals of limited jurisdiction and may only hear cases

5   authorized by the Constitution or a statutory grant.  *Kokkonen v. Guardian Life Ins. Co.*

6   *of America*, 511 U.S. 375, 377 (1994).  The burden of establishing subject-matter

7   jurisdiction rests upon the party seeking to invoke federal jurisdiction.  *Id.*  Once it is

8   determined that a federal court lacks subject-matter jurisdiction, the court has no choice

9   but to dismiss the suit.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ.

10   P. 12(b)(1).

11              **A.  Prior Exclusive Jurisdiction Doctrine**

12          Defendants argue that this action is improper under the prior exclusive jurisdiction

13   doctrine which requires federal courts to abstain from ruling on cases involving property

14   subject to concurrent state proceedings.  *See Chapman v. Deutsche Bank Nat'l Trust Co.*,

15   651 F.3d 1039, 1043 (9th Cir. 2011)).  In other words, if a state or federal court has taken

16   possession of a property or obtained jurisdiction over the property, then a second court

17   may not assume jurisdiction over the same property.  *Id.*  To determine whether the prior

18   exclusive doctrine applies, courts must (1) identify the priority of the actions (i.e. which

19   court exercised jurisdiction first) and (2) characterize the nature of the concurrent actions

20   (*in rem*, *quasi in rem*, or *in personam*).  If the concurrent proceeding seeks to "determine

21   interests in the property as against the whole world" (*in rem*) or "particular persons"

22   (*quasi in rem*), the doctrine of prior exclusive jurisdiction applies.  *State Eng'r*, 339 F.3d

23   at 810.  The prior exclusive jurisdiction doctrine does not apply to actions involving the

24   personal rights and obligations of the parties or actions brought against a person rather

25   than property (*in personam*).  *Id.*  "When applying the doctrine, courts should not 'exalt

26   form over necessity,' but instead should "look behind the form of the action to the

gravamen of a complaint and the nature of the right sued on.' "  *Chapman*, 651 F.3d at 1044 (citing *State Eng'r v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 810 (9th Cir. 2003).

The parties do not dispute that state court overseeing the judicial foreclosure action exercised *in rem* jurisdiction over the property first.  However, it is not clear that there is still a pending concurrent state court action involving the rights to the surplus funds.  *See Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189, 196 (1935) ("If the two suits do not have substantially the same purpose . . . jurisdiction of the two courts may not be said to be strictly concurrent . . .").  Defendants argue that the "determination of any party's entitlement to the foreclosure surplus proceeds is directly at issue in the judicial foreclosure action in Snohomish County Superior Court."  Dkt. # 14 at 2.  But this is contradicted by the record which shows that the court in the judicial foreclosure action explicitly denied Plaintiff's motion to disburse the surplus funds, finding that adjudication of the interests of the parties was not appropriate for the civil motions calendar and needed to be raised by a separate action. Dkt. # 8-1 at 10.  Nothing in the record suggests that such an action was ever brought in state court.  Instead, it appears that the only case involving the surplus funds is the action pending before this Court.

And even if the judicial foreclosure proceeding is a pending concurrent state court action, Plaintiff's *in personam* claims in this court do not require the court to exercise possession or control over the *res*.  Judgment on Plaintiff's breach of contract, promissory estoppel, and unjust enrichment claims would impose a personal liability or obligation on Defendants and would not affect the nature of their interest in the funds.  Therefore, these claims are inherently *in personam* and the doctrine of prior exclusive jurisdiction does not apply.  *See Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958).

ORDER - 4

And while Plaintiff's declaratory judgment claims could perhaps be characterized as *quasi in rem,* the prior exclusive jurisdiction doctrine does not apply where a party merely seeks declaratory relief regarding property interests. *See Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466–67 (1939) (holding that the prior exclusive jurisdiction doctrine does not apply to federal cases based on diversity jurisdiction where the plaintiff seeks adjudication of rights to funds in possession of state court); *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego,* 865 F.3d 1237, 1254 (9th Cir. 2017) (same); *Morris v. SPSSM Investments 8, LP*, No. CV1401305MMMMANX, 2014 WL 12573523, *6 (C.D. Cal. June 4, 2014) (same).  Thus, the prior exclusive jurisdiction doctrine does not apply.  Defendants' motion to dismiss Plaintiff's complaint under the prior exclusion jurisdiction doctrine is DENIED**.**

### B.  <u>Amount-In-Controversy Requirement</u>

Defendants alternatively argue that Plaintiff's complaint should be dismissed for failure to satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332.  *See* Dkt. # 14 at 1-2.  Although this argument was improperly raised for the first time in Defendants' reply brief, it is not clear from the complaint if the $75,000 amount-in-controversy requirement is satisfied in this case.  Before proceeding further with this matter, the Court is obligated to confirm whether it has subject-matter jurisdiction. *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, Plaintiff is ORDERED to SHOW CAUSE why the Court should not dismiss this action for failure to meet the amount-in-controversy requirement. Plaintiff must respond to this Order to Show Cause in a written submission, to be filed no later than 14 days after entry of this order.  The submission must not exceed ten pages.  If Plaintiff does not respond in time, the Court will dismiss this action, *sua sponte*.  The Court DEFERS ruling on this issue pending Plaintiff's response.

ORDER - 5

### III.    CONCLUSION

For the above reasons, Defendants' motion to dismiss is **DENIED** in part and **DEFERRED** in part. Dkt. # 8.


DATED this 22nd day of April, 2020.


_____

The Honorable Richard A. Jones
United States District Judge