HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEN BRIDGES LLC,<br><br>    Plaintiff,<br>  v.<br><br>SUSAN D. HOFSTAD; JUSTIN THOMAS; THE ESTATE OF BENJAMIN H. THOMAS; AND JOHN DOES 1-10,<br><br>    Defendants. | No. 2:19-cv-01134-RAJ<br><br>ORDER GRANTING STAY |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Justin Thomas's Motion to Stay Proceedings. Dkt. # 23. Defendants Susan Hofstad and the Estate of Benjamin Thomas both oppose the motion. Dkt. ## 26, 27. Plaintiff Ten Bridges opposes the motion and requests oral argument. Dkt. # 30. Having considered the submissions of the parties, the relevant portions of the record, and applicable law, the Court finds that oral argument is unnecessary and **GRANTS** the motion to stay.

## II.   BACKGROUND

On June 13, 2010, Mr. Benjamin Thomas, Jr. died intestate, leaving two heirs, Defendant Susan D. Hofstad ("Ms. Hofstad") and Raymond Thomas. Dkt. # 1 ¶¶ 1.4,

ORDER – 1

2.3. Subsequently, Raymond also died, intestate, leaving his son, Justin Thomas ("Mr. Thomas"), as his one heir. Dkt. # 26 at 2. Benjamin Thomas Jr.'s home was sold at a sheriff's foreclosure sale, later confirmed by the Snohomish County Superior Court in a judicial foreclosure action. Dkt. # 1 ¶ 2.2. After foreclosure, about $156,490.44 in surplus proceeds remained. Dkt. # 1 ¶ 2.5. These funds are currently on deposit in the Snohomish County Superior Court registry. *Id.*

Nine years later, in May 2019, Plaintiff Ten Bridges, LLC ("Plaintiff" or "Ten Bridges") contacted Defendant Justin Thomas and offered to purchase his interest in the property for $9,500. Mr. Thomas agreed and executed a Quit Claim Deed in favor of Ten Bridges. Dkt. # 1 ¶¶ 2.6–2.8. Although not a named party in the foreclosure action, Ten Bridges subsequently filed a motion to disburse the surplus proceeds from the foreclosure sale to Ten Bridges based on the Quit Claim Deed. Dkt. # 1 ¶ 2.9. In the motion, Ten Bridges also argued that the only other remaining heir, Ms. Hofstad, had disclaimed any interest in the property in November 2012. *Id.* The state court denied Ten Bridges' motion without prejudice, holding that the motion was not appropriate for the "civil motions calendar" and that the surplus proceeds could not be disbursed until the parties' respective rights were adjudicated in a "separate action." Dkt. # 8-1 at 10.

Turning to federal court, Ten Bridges filed this suit against Defendants, alleging claims for declaratory judgment, promissory estoppel, breach of contract, and unjust enrichment. Dkt. # 1. Mr. Thomas filed the instant motion to stay proceedings pending the decision in either or both of two appeals filed by Ten Bridges currently before the Washington State Court of Appeals. Dkt. # 23 at 1. In both cases, *Pinehurst Lane Cond. Assoc. v. Guandai, et al.*, King County Sup. Ct. No. 15 2 26658 6 SEA ("*Guandai*") and *Carlyle Cond. Owners Assoc. et al. v. Asano et al.*, King County Sup. Ct. No. 15 2 26658 6 SEA ("*Asano*"), King County Superior Court concluded that RCW 63.29.350 bans Ten Bridges from obtaining surplus foreclosure proceeds in the court registry based on the Quit Clam Deeds it obtained from two separate parties under the same circumstances at

ORDER – 2

issue here. *Id.* The Washington State Court of Appeals held oral argument for both appeals on September 22, 2020. Dkt. # 25 at 1.

### III. LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. When considering a motion to stay, the district court weighs three factors: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc.*, 300 F.2d at 268.

### IV. DISCUSSION

The principal issue here—a question of state law—is being resolved in two state court proceedings. Given that, Mr. Thomas filed this motion to stay until those proceedings have ended. At issue in *Guandai* and *Asano* are Quit Claim Deeds received by Ten Bridges. Dkt. # 23 at 7. The trial court deemed those deeds to be illegal, void, and unenforceable, and a violation of RCW 63.29.350. The deeds in *Guandai* and *Asano* are fundamentally the same as the Quit Claim Deed issued by Mr. Thomas here. Ten

ORDER – 3

Bridges appealed both decisions, and the Washington State Court of Appeals, Division 1, held oral arguments for both appeals on September 22, 2020. Dkt. # 25 at 1.

If the state court of appeals upholds the trial court's decisions, Mr. Thomas argues, Ten Bridges would have no interest in the surplus proceeds he allegedly obtained from Mr. Thomas and no standing to bring this action. While Ten Bridges disagrees, it fails to provide any facts or legal arguments to distinguish the key issue here from the one currently under consideration by the state court of appeals in *Asano* and *Guandai*. Dkt. # 30 at 7.

Ten Bridges argues[1] that a stay of this case would result in damage to all parties by preventing them from conducting discovery and from determining whether Ms. Hofstand's disclaimer of interest is valid. Dkt. # 30 at 7-8. The Court is unpersuaded. Ten Bridges fails to describe what type of damage it might incur by delaying discovery for a period of likely no more than several months. The only conceivable damage here is a potential delay in the recovery of money damages, which on its own, is insufficient to warrant denial of a stay. *See Naini v. King Cty. Pub. Hosp. Dist. No. 2*, No. C19-0886-JCC, 2020 WL 468910, at *2 (W.D. Wash. Jan. 29, 2020) ("Courts routinely grant stays that would delay recovery of money damages because money damages compensate a plaintiff for their injury regardless of when the money damages are awarded.").

Requiring all parties to move forward with discovery, however, may result in needless expense and effort if the state court upholds the trial court's decisions. Consideration of hardship or inequity that a party may suffer if required to proceed—the second *CMAX* factor—thus also favors a stay. 300 F.2d at 268.

Defendant Ms. Hofstad opposes a stay of the portion of the case as it relates to her,

---

[1] Defendant Thomas notes that Plaintiff's response to the motion is untimely and should therefore be disregarded by the Court. Dkt. # 32 at 1. Defendant Thomas is correct that Plaintiff filed the response a day after the deadline for a response pursuant to LCR 7(d)(3). The Court considers the merits of the motion, however, because it is timely opposed by Defendants Hofstad and the Estate of Benjamin Thomas. The Court will not tolerate future untimeliness.

ORDER – 4

1  and the Estate of Benjamin Thomas ("the Estate") concurs.  Dkt. # 27 at 5.  Ms. Hofstad
2  contends that she is entitled to half the surplus proceeds and that Ten Bridges' dispute
3  with Mr. Thomas relates solely to the other half of the surplus proceeds.  *Id.* at 2.  She
4  asserts that the state court proceedings addressing the validity of the Quit Claim Deeds
5  under RCW 63.29.350 are irrelevant to determining her entitlement to the property
6  because she did not enter any agreement with or transfer a Quit Claim Deed to Ten
7  Bridges.  *Id.* at 4-5.  Ms. Hofstad concedes that the portion of the case relating to the
8  validity of the Quit Claim Deed may be stayed pending the state court rulings on the
9  matter, but claims there is no reason to stay the portion of the case which relates to (1) the
10 scope of Mr. Thomas's Quit Claim Deed vis-à-vis Ms. Hofstad and (2) the promissory
11 estoppel claim of Ten Bridges against Ms. Hofstad.  *Id.* at 5.  The Estate further notes that
12 the "appellate cases have nothing whatever to do with the claims being made by Susan
13 and by the Estate" regarding their interest in the property.  Dkt. # 26 at 2.

14    Ms. Hofstad and the Estate fail to note, however, that Ten Bridges filed claims
15 against them based upon its agreement with Mr. Thomas, which Ten Bridges alleges
16 gives it entitlement to all surplus proceeds.  Ten Bridges claims that it reasonably relied
17 on Ms. Hofstad's disclaimer of interest in the property when it entered into its agreement
18 with Mr. Thomas and received the Quit Claim Deed.  Whether the agreement and transfer
19 of the Quit Claim Deed are valid is, therefore, a key issue with implications for both Ms.
20 Hofstad and the Estate.  Staying proceedings to allow the Washington State Court of
21 Appeals to resolve this question which would likely affect the claims that Ten Bridges
22 brought against Ms. Hofstad and the Estate is a matter of judicial economy.  Moreover,
23 Ms. Hofstad does not allege, nor does the Court perceive, any possible damage that may
24 result from a stay of all proceedings.

25    The Court finds that a stay pending the resolution of this question of state law in
26 state court—which may very well be dispositive of the claims here and effectively end
27 litigation before this Court—is appropriate.  Given that the state court of appeals held

28 ORDER – 5

oral argument on the matter two months ago, it appears likely that the court will issue a decision within a reasonable time in relation to the urgency of the claims presented here. *See Levya,* 593 F.2d at 863.  Granting a stay pending the resolution of the state law question would simplify the questions before this Court and support the "orderly course of justice." *CMAX*, 300 F.2d at 268.  In the absence of any possible damage resulting from a stay and in the interest of judicial economy, the Court GRANTS the motion to stay.

### V.  CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant Justin Thomas's Motion to Stay Proceedings.  Dkt. # 23.

DATED this 12th day of November, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6