HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEN BRIDGES LLC,

        Plaintiff,

  v.

SUSAN D. HOFSTAD; JUSTIN THOMAS; THE ESTATE OF BENJAMIN H. THOMAS; AND JOHN DOES 1-10,

        Defendants.

No. 2:19-cv-01134-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Justin Thomas's Motion to Lift Stay and for Partial Summary Judgment. Dkt. # 35. Defendants Susan Hofstad and the Estate of Benjamin Thomas both join the motion in seeking to lift the stay and obtain partial summary judgment against Defendant Ten Bridges. Dkt. ## 37, 38. Ms. Hofstad and the Estate additionally request that the funds in dispute, currently in the custody of the Snohomish County Superior Court, be left to the discretion of the Snohomish County Superior Court. *Id*. Plaintiff Ten Bridges does not oppose the motion to lift the stay but opposes the motion for partial summary judgment. Dkt. # 39. Having reviewed the parties' briefing, applicable law, and remaining record, the Court finds that oral arguments are unnecessary. For the reasons below, the Court **GRANTS** the request to

ORDER – 1

lift the stay and **GRANTS in part** and **DENIES in part** the motion for partial summary judgment.

## II. BACKGROUND

The Court recounts the facts set forth in its prior order as relevant here. On June 13, 2010, Mr. Benjamin Thomas, Jr. died intestate, leaving two heirs, Defendant Susan D. Hofstad ("Ms. Hofstad") and Raymond Thomas. Dkt. # 1 ¶¶ 1.4, 2.3. Subsequently, Raymond also died, intestate, leaving his son, Justin Thomas ("Mr. Thomas"), as his one heir. Dkt. # 26 at 2. Benjamin Thomas Jr.'s home was sold at a sheriff's foreclosure sale, later confirmed by the Snohomish County Superior Court in a judicial foreclosure action. Dkt. # 1 ¶ 2.2. After foreclosure, about $156,490.44 in surplus proceeds remained. Dkt. # 1 ¶ 2.5. These funds are currently on deposit in the Snohomish County Superior Court registry. *Id.*

In May 2019, Plaintiff Ten Bridges, LLC ("Plaintiff" or "Ten Bridges") contacted Mr. Thomas and offered to purchase his interest in the property for $9,500. Mr. Thomas agreed and executed a quitclaim deed in favor of Ten Bridges. Dkt. # 1 ¶¶ 2.6–2.8. Although not a named party in the foreclosure action, Ten Bridges subsequently filed a motion to disburse the surplus proceeds from the foreclosure sale to Ten Bridges based on the quitclaim deed. Dkt. # 1 ¶ 2.9. Ten Bridges alleged that the only other remaining heir, Ms. Hofstad, had disclaimed any interest in the property in November 2012. *Id.* The state court denied Ten Bridges' motion without prejudice, holding that the motion was not appropriate for the "civil motions calendar" and that the surplus proceeds could not be disbursed until the parties' respective rights were adjudicated in a "separate action." Dkt. # 8-1 at 10.

Turning to federal court, Ten Bridges filed this suit against Defendants, asserting claims for declaratory judgment, promissory estoppel, breach of contract, and unjust enrichment. Dkt. # 1. Mr. Thomas filed an answer asserting several affirmative defenses and counterclaims. Dkt. # 19 at 5-6. Specifically, Mr. Thomas's counterclaims include:

ORDER – 2

(1) declaratory action for violation of RCW 63.29.350, (2) fraud in the inducement, (3) negligent misrepresentation, (4) substantive unconscionability, and (5) violation of the Washington Consumer Protection Act ("WCPA"). *Id.* at 9-12.

      Mr. Thomas moved to stay proceedings pending the decision in either or both of two appeals filed by Ten Bridges that had been before the Washington State Court of Appeals at the time. Dkt. # 23 at 1. In both cases, *Pinehurst Lane Cond. Assoc. v. Guandai, et al.*, King County Sup. Ct. No. 15 2 26658 6 SEA ("*Guandai*") and *Carlyle Cond. Owners Assoc. et al. v. Asano et al.*, King County Sup. Ct. No. 15 2 26658 6 SEA ("*Asano*"), King County Superior Court concluded that RCW 63.29.350 bans Ten Bridges from obtaining surplus foreclosure proceeds in the court registry based on the quitclaim deeds it obtained from two separate parties under substantially similar circumstances at issue here. *Id.* Ten Bridges appealed both decisions, and the Washington State Court of Appeals, Division 1, held oral arguments. Dkt. # 25 at 1. Having determined that the deeds in *Guandai* and *Asano* "are fundamentally the same as the Quit Claim Deed issued by Mr. Thomas to Ten Bridges here," the Court stayed action pending appeal in state court. Dkt. # 33.

      The Washington Court of Appeals, Division One, subsequently affirmed the Superior Court's orders in both cases. *Ten Bridges, LLC v. Guandai*, 474 P.3d 1060 (Ct. App. 2020), *review denied*, 487 P.3d 515 (Wash. 2021), and *review denied sub nom. Ten Bridges v. Asano*, 487 P.3d 517 (Wash. 2021). Specifically, the Court held that both quitclaim deeds were "in substance, [] agreement[s] to a fee for having located and obtained surplus funds that far exceeds the statutory 5 percent limit." *Id.* at 1070. The court concluded that "[b]ecause Ten Bridges sought more than 5 percent of the value of the surplus funds as a fee for, in substance, locating and obtaining those funds, the quitclaim deed violated RCW 63.29.350 and was void." *Id.* at 1070-71.

      Ten Bridges moved for reconsideration of the Court of Appeals' decision. Dkt. # 36-10. That motion was denied. *Id.* Ten Bridges then petitioned for review by the

ORDER – 3

Washington Supreme Court.  *Guandai*, 487 P.3d 515.  The petitions were denied.  *Id.*  Consequently, Mr. Thomas moved this Court to lift the stay and grant partial summary judgment on his counterclaims for declaratory action for violation of RCW 63.29.350 and for damages under the WCPA.  Dkt. # 35 at 1.

### III.  LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  477 U.S. at 325.

The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150–51 (2000).  The nonmoving party must, however, present significant and probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

ORDER – 4

## IV.  DISCUSSION

The Court granted the stay in this case until the principal issue here—a question of state law—was resolved in state court proceedings.  Now that the cases have been concluded and the validity of the quitclaim deeds under state law has been resolved, the Court finds no basis to further stay proceedings.  The request to lift the stay is granted. The court next considers Mr. Thomas's motion for summary judgment on his counterclaims for declaration action for violation of RCW 63.29.350 and for damages under the WCPA.

**A.  Declaratory Action for Violation of RCW 63.29.350**

As already held in the prior motion granting a stay, the Court finds that the quitclaim deed at issue here is substantially similar to the quitclaim deeds in *Asano* and *Guandai*.  Based on the state court's ruling that the *Asano* and *Guandai* quitclaim deeds are not valid under RCW 63.29.350, the Court finds that the quitclaim deed here is similarly invalid.

Ten Bridges thus has no interest in the surplus proceeds it allegedly obtained from Mr. Thomas and its counter arguments fail.  Because the deed is invalid, Ten Bridges' argument that Mr. Thomas had an attorney in Idaho review the deed is irrelevant, as is the contention that Ten Bridges acted "in good faith."  Dkt. # 39 at 6, 8.  Ten Bridges' belief that the statute does not apply to "surplus process of the kind at issue in this case and the other cases Ten Bridges has been involved in" has been rejected in state court and will not be reconsidered here.  *Id.* at 7.  Ten Bridges' contention that various individuals induced Defendants to breach their agreements with Ten Bridges is irrelevant to the question of whether the quitclaim deed is void.  *See* Dkt. # 39 at 5.

Ten Bridges further argues that Mr. Thomas's motion for summary judgment is premature because Ten Bridges has yet to file an answer and affirmative defenses to counterclaims, and the parties have not yet conducted discovery in this case. Dkt. # 39 at 8. Ten Bridges fails, however, to provide an affidavit or declaration indicating why "it

ORDER – 5

cannot present facts essential to justify its opposition," warranting a deferral under Fed. R. Civ. P. 56(d). Indeed, Ten Bridges does not identify any facts in dispute that would preclude the Court from deciding the motion for summary judgment with respect to this claim. In the absence of a genuine dispute of material fact, the Court can rule on this claim as a matter of law.

Finally, Ten Bridges' argument that the recent revision of the statute is dispositive fails for two reasons. First, the revised statute does not take effect until January 1, 2023. 2022 Wash. Sess. Laws 1578. Second, even if the revised statute had taken effect, in Washington, "[s]tatutory amendments are presumed to operate prospectively. The presumption is overcome only when the legislature explicitly provides for retroactive application or the amendment is curative or remedial." *In re Flint*, 277 P.3d 657, 661 (Wash. 2012) (internal citations omitted). The revised statute does not apply to the quitclaim deed at issue and need not be considered.

The Court thus **GRANTS** summary judgment on Mr. Thomas's request for declaratory action and concludes that the quitclaim deed executed by Mr. Thomas and Ten Bridges is in violation of RCW 63.29.350 and thereby void and unenforceable. Ten Bridges' claims for declaratory judgment, promissory estoppel, breach of contract, and unjust enrichment are **DISMISSED**.

**B. Washington Consumer Protection Act Claim**

With respect to Mr. Thomas's CPA claim, Mr. Thomas must establish the following elements: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) which affects the public interest, and (4) injury to plaintiff's "business or property" (5) proximately caused by the unfair or deceptive act or practice. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535-39 (Wash. 1986). The first two elements may be established if a party can show that the act or practice constitutes a per se unfair trade practice. *Id.* at 535. "A per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or

ORDER – 6

deceptive act in trade or commerce has been violated." *Id.*

An injury to one's business or property under the CPA excludes personal injury, such as "mental distress, embarrassment, and inconvenience." *Panag v. Farmers Ins. Co. of Washington,* 204 P.3d 885, 899 (Wash. 2009). Injury can be established, however, "if the consumer's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Mason v. Mortg. Am., Inc.*, 792 P.2d 142, 148 (Wash. 1990) (*en banc*). A "loss of use of property which is causally related to an unfair or deceptive act or practice" constitutes an injury under the WCPA. *Id.* Under Washington law, "proximate cause is defined in WPI 310.07 as a "cause which in direct sequence [unbroken by any new independent cause] produces the injury complained of and without which such injury would not have happened." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 170 P.3d 10, 21 (Wash. 2007) (*en banc*). "Proximate cause is a factual question to be decided by the trier of fact." *Id.*

The Court finds that the quitclaim deed at issue is a per se unfair trade act under RCW 63.29.350. The statute provides the following:

> The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. Any violation of this section is not reasonable in relation to the development and preservation of business. It is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW. Remedies provided by chapter 19.86 RCW are cumulative and not exclusive.

RCW 63.29.350(2). Based on the statutory language, the quitclaim deed is a per se violation that affects the public interest, establishing the first three elements.

The Court next considers whether Mr. Thomas sustained an injury to his "business or property" under the WCPA and if so, whether the injury was proximately caused by the quitclaim deed. 719 P.2d at 539. Mr. Thomas alleges that "he incurred injury and

ORDER – 7

expenses related to the execution and delivery of the Quit Claim Deed, including without limitation expenses for travel, telephone, and postage." Dkt. # 19 ¶ 9.30.  He also argues that "but for Ten Bridges' violation . . . [he] would have obtained an order authorizing disbursement of his share of the Surplus Proceeds on July 2, 2019 and would not have been required to suffer over a two-year delay in obtaining his share of the Surplus Proceeds."  Dkt. # 35 at 22.  It is unclear from the facts in the record, however, if Mr. Thomas would have received his share of the surplus proceeds in July 2019 but for the execution of the quitclaim deed with Ten Bridges.  The Court finds that the elements of injury and proximate cause require a factual analysis that must be reserved for a jury. *See* 170 P.3d at 22.  The Court therefore DENIES summary judgment on Mr. Thomas's WCPA claim.

## V.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant Justin Thomas's request to lift the stay in this action. Dkt. # 35.  The Court **GRANTS** summary judgment on Defendant's counterclaim for declaratory relief, concluding that the quitclaim deed is unenforceable, in violation of RCW 63.29.350, and **DISMISSES** all of Plaintiff's claims with prejudice.  The Court **DENIES** partial summary judgment on Defendant's WCPA claim.  The disposition of the contested funds currently held in the custody of the Snohomish County Superior Court will be left to the discretion of that court.

DATED this 30th day of June, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 8