HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEN BRIDGES LLC,                                    No. 2:19-cv-01134-RAJ

                          Plaintiff,
          v.

SUSAN D. HOFSTAD; JUSTIN THOMAS;         ORDER
THE ESTATE OF BENJAMIN H. THOMAS;
AND JOHN DOES 1-10,

                          Defendants.

## I.   INTRODUCTION

Before the court is Plaintiff Ten Bridges LLC's motion for reconsideration of the Court's summary judgment order. Dkt. # 53 (Motion); Dkt. # 49 (Order on Summary Judgment). The Court has considered Plaintiff's submissions, the relevant portions of the record, and the applicable law. Being fully advised, the Court **STAYS** this case and **STRIKES** Plaintiff's motion for reconsideration without prejudice to refiling once the stay is lifted.

## II.   BACKGROUND

The Court recounts the facts set forth in its prior Order, Dkt. # 49, as relevant here.

ORDER – 1

On June 13, 2010, Mr. Benjamin Thomas, Jr. died intestate, leaving two heirs, Defendant Susan D. Hofstad ("Ms. Hofstad") and Raymond Thomas. Dkt. # 1 ¶¶ 1.4, 2.3. Subsequently, Raymond also died, intestate, leaving his son, Justin Thomas ("Mr. Thomas"), as his one heir.  Dkt. # 26 at 2. Benjamin Thomas Jr.'s home was sold at a sheriff's foreclosure sale, later confirmed by the Snohomish County Superior Court in a judicial foreclosure action.  Dkt. # 1 ¶ 2.2. After foreclosure, about $156,490.44 in surplus proceeds remained.  Dkt. # 1 ¶ 2.5. These funds are currently on deposit in the Snohomish County Superior Court registry. *Id.*

In May 2019, Plaintiff Ten Bridges, LLC ("Plaintiff" or "Ten Bridges") contacted Mr. Thomas and offered to purchase his interest in the property for $9,500. Mr. Thomas agreed and executed a quitclaim deed in favor of Ten Bridges. Dkt. # 1 ¶¶ 2.6–2.8. Although not a named party in the foreclosure action, Ten Bridges subsequently filed a motion to disburse the surplus proceeds from the foreclosure sale to Ten Bridges based on the quitclaim deed.  Dkt. # 1 ¶ 2.9. Ten Bridges alleged that the only other remaining heir, Ms. Hofstad, had disclaimed any interest in the property in November 2012. *Id.* The state court denied Ten Bridges' motion without prejudice, holding that the motion was not appropriate for the "civil motions calendar" and that the surplus proceeds could not be disbursed until the parties' respective rights were adjudicated in a "separate action." Dkt. # 8-1 at 10.

In July 2019, Ten Bridges filed suit in federal court against Defendants, asserting claims for declaratory judgment, promissory estoppel, breach of contract, and unjust enrichment. Dkt. # 1. Mr. Thomas filed an answer asserting several affirmative defenses and counterclaims, including a declaratory action for violation of RCW 63.29.350 and a violation of the Washington Consumer Protection Act ("WCPA"), *inter alia*. Dkt. # 19 at 5-6.

In August 2020, Mr. Thomas moved to stay proceedings pending the decision in either or both of two appeals filed by Ten Bridges that had been before the Washington

ORDER – 2

State Court of Appeals at the time. Dkt. # 23 at 1. In both cases, *Pinehurst Lane Cond. Assoc. v. Guandai, et al.*, King County Sup. Ct. No. 15 2 26658 6 SEA ("*Guandai*") and *Carlyle Cond. Owners Assoc. et al. v. Asano et al.*, King County Sup. Ct. No. 15 2 26658 6 SEA ("*Asano*"), King County Superior Court concluded that RCW 63.29.350 bans Ten Bridges from obtaining surplus foreclosure proceeds in the court registry based on the quitclaim deeds it obtained from two separate parties under substantially similar circumstances at issue here. *Id.* Ten Bridges appealed both decisions, and the Washington State Court of Appeals, Division 1, held oral arguments. Dkt. # 25 at 1. Having determined that the deeds in *Guandai* and *Asano* "are fundamentally the same as the Quit Claim Deed issued by Mr. Thomas to Ten Bridges here," the Court stayed action pending appeal in state court. Dkt. # 33.

The Washington Court of Appeals, Division One, subsequently affirmed the Superior Court's orders in both cases. *Ten Bridges, LLC v. Guandai*, 474 P.3d 1060 (Ct. App. 2020), *review denied*, 487 P.3d 515 (Wash. 2021), and *review denied sub nom. Ten Bridges v. Asano*, 487 P.3d 517 (Wash. 2021). Specifically, the Court held that both quitclaim deeds were "in substance, [] agreement[s] to a fee for having located and obtained surplus funds that far exceeds the statutory 5 percent limit." *Id.* at 1070. The court concluded that "[b]ecause Ten Bridges sought more than 5 percent of the value of the surplus funds as a fee for, in substance, locating and obtaining those funds, the quitclaim deed violated RCW 63.29.350 and was void." *Id.* at 1070-71.

Ten Bridges moved for reconsideration of the Court of Appeals' decision. Dkt. # 36-10. That motion was denied. *Id.* Ten Bridges then petitioned for review by the Washington Supreme Court. *Guandai*, 487 P.3d 515. The petitions were denied. *Id.* Consequently, Mr. Thomas moved this Court to lift the stay and grant partial summary judgment on his counterclaims for declaratory action for violation of RCW 63.29.350 and for damages under the WCPA. Dkt. # 35 at 1.

On June 30, 2022, this Court granted Mr. Thomas's request to lift the stay in this

ORDER – 3

action. Additionally, the Court granted summary judgment on Mr. Thomas's counterclaim for declaratory relief, concluding that the quitclaim deed at issue is unenforceable under RCW 63.29.350, and dismissing all of Plaintiff's claims with prejudice. Dkt. # 49 at 8. This Court denied partial summary judgment on Defendant's WCPA claim, and a jury trial on this remaining issue is currently scheduled for June 12, 2023.

In July 2022, Plaintiff filed a motion seeking reconsideration of this Court's June 30 Order. Dkt. # 53. Specifically, Plaintiff requests that this Court reverse the entry of partial summary judgment based on the Court's finding that the quitclaim deed at issue "is in violation of RCW 63.29.350 and thereby void and unenforceable." Dkt. # 53 at 3. On October 12, 2022, Plaintiff filed a notice of supplemental materials regarding its request for reconsideration. Dkt. # 57. Plaintiff provided to the Court supplemental briefing recently filed in an appeal pending before the Ninth Circuit, *Ten Bridges LLC v. Midas Mulligan, LLC*, Case No. 21-35896 (9th Cir.). Dkt. # 57, Ex. A, B.

## III.  ANALYSIS

The same issue raised by Plaintiff's motion for reconsideration is currently before the Ninth Circuit in *Ten Bridges LLC v. Midas Mulligan, LLC* (*Midas*). Plaintiff's pending motion for reconsideration and the pending appeal in *Midas* involve similar underlying facts and involve similar claims under RCW 63.29.350. *Compare* Order Granting Motion for Summary Judgment, *Ten Bridges, LLC v. Midas Mulligan, LLC, et al.*, No. C19-1237JLR (W.D. Wash.), ECF No. 93, *with* Dkt. # 53. Ten Bridges, the appellant in *Midas*, appealed the district court's order granting the *Midas* defendants' motion for summary judgment dismissing Ten Bridges's second amended complaint. *See Midas*, No. 21-35896, ECF No. 13. In September 2022, the parties in *Midas* filed supplemental briefing in the pending appeal addressing the same issue raised in Plaintiff's motion for reconsideration: the effect, if any, of the Washington State

ORDER – 4

Legislature's repeal of RCW 63.29.350 on the pending matter. *Compare Midas*, No. 21-35896, ECF No. 53, 54, *with* Dkt. # 53. Accordingly, the court *sua sponte* considers whether to stay this case until the Ninth Circuit issues its decision in *Midas*.

A district court "has broad discretion to stay proceedings" in its own court. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "Courts have the power to consider stays *sua sponte*." *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The issues involved in the pending proceedings need not be "controlling of the action before the court" for the court to issue a stay. *Id.* at 864. Indeed, where a stay is considered pending the resolution of another action, the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *Landis*, 299 U.S. at 254, 257.

In determining whether to stay a case, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Here, the court finds that these factors weigh in favor of staying this case until the Ninth Circuit issues its decision in *Midas*.

    1.    *Damage from a Stay*

ORDER – 5

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of the pending motion for reconsideration and any motions that they intend to file in the future. However, a stay of this case pending Ninth Circuit's resolution of *Midas* is expected to be reasonably short. The parties have already completed their briefing in that appeal and presented oral argument to the Ninth Circuit on October 21, 2022. *See Midas*, No. 21-35896, ECF No. 13 (Opening Brief); ECF No. 20 (Answering Brief); ECF No. 39 (Reply Brief); ECF No. 54 (Appellant's Supplemental Brief); ECF No. 55 (Appellee's Supplemental Brief); ECF No. 62 (10/21/22 Min. Entry Regarding Oral Argument). Because the length of this stay is directly tied to the appellate proceedings in that case, it is reasonably brief, and not indefinite. *See Leyva*, 593 F.2d at 864 ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). Thus, the Court finds only minimal possible damage that this stay may cause.

2.   *Hardship and Inequity*

Both parties equally face hardship or inequity if the Court resolves Plaintiff's request for reconsideration before the Ninth Circuit issues its decision in *Midas. See Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) ("Indeed, hardship or inequity may result to both parties if the [c]ourt does not pause to consider issues [that will be on appeal in the Ninth Circuit] because of the potential for inconsistent rulings . . . ."). And in the interim both parties stand to benefit from a stay, regardless of the outcome of the question. A stay may prevent potential additional, unnecessary briefing regarding the pending motion for reconsideration and the premature expenditures of time, attorney's fees, and resources.

3.   *Orderly Course of Justice*

Without expressing an opinion on the merits of this motion, the Court finds that

ORDER – 6

there is a significant possibility that the Ninth Circuit's decision in *Midas* will control the question of law presented in Plaintiff's request for reconsideration. As discussed above, the underlying facts of this case and *Midas* are similar, and the issue recently briefed and argued in *Midas* is the same as the issue raised in Plaintiff's motion for reconsideration of this Court's order granting summary judgment: the impact, if any, of the Washington State Legislature's repeal of RCW 63.29.350 on this Court's Order concluding that the quitclaim deed executed by Mr. Thomas and Ten Bridges violates Washington law. Deciding the instant motion on its merits while the identical issue is being appealed in the Ninth Circuit could lead to inconsistent rulings regarding the impact of the repeal of RCW 63.29.350, which "the appellate courts might then need to disentangle." *See Ali*, 241 F. Supp. 3d at 1153 (quoting *Hawai'i*, 233 F. Supp. 3d at 856). Staying these proceedings pending the Ninth Circuit's resolution of *Midas* will allow this Court to evaluate a request for reconsideration under the most complete precedent. *See Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017) ("District courts often stay proceedings where resolution of an appeal in another matter is likely to provide guidance to the court in deciding issues before it." (citing *Landis*, 299 U.S. at 254)). Thus, the court concludes that a stay will serve the interests of judicial efficiency and economy. *See Hawai'i*, 233 F. Supp. 3d at 856 (stating that "[c]onsiderable judicial resources" "may be wasted if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed").

In sum, the Court finds that the relevant factors favor staying this case until the Ninth Circuit issues a decision on the pending appeal in *Midas.* Furthermore, having decided that a stay is appropriate, the Court concludes that it would not be a proper use of judicial resources to rule on Plaintiff's motion for reconsideration at this time. The Court therefore **STRIKES** Plaintiff's motion for reconsideration without prejudice to re-raising the issues and arguments contained therein after the Court lifts the stay.

ORDER – 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  CONCLUSION

Therefore, the court **STAYS** this action pending the Ninth Circuit's resolution of the appeal in *Ten Bridges LLC v. Midas Mulligan, LLC*, Case No. 21-35896 (9th Cir.), and **STRIKES** Plaintiff's motion for reconsideration (Dkt. # 53) without prejudice to re-filing after the Court lifts the stay. In addition, the court **ORDERS** the parties to file a joint status report within ten (10) days of the date on which the Ninth Circuit issues its decision (not mandate) in *Midas*.

DATED this 9th day of November, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 8