UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEN BRIDGES LLC,<br><br>            Plaintiff,<br>   v.<br><br>SUSAN D HOFSTAD et al.,<br><br>            Defendants. | CASE NO. 2:19-cv-01134-TL<br><br>ORDER ON MOTION TO VACATE |

This matter is before the Court on Plaintiff Ten Bridges LLC's motion to vacate the current trial date and remaining pre-trial deadlines. Defendant/Counter-Claimant Justin Thomas opposes the motion.[1] Dkt. No. 66. Being fully advised on the matter, the Court GRANTS the motion and VACATES the February 5, 2024, trial date and case management schedule entered on March 27, 2023 (Dkt. No. 60). The Parties shall file a joint status report with a proposed

---

[1] Plaintiff asserts that neither Defendant Susan Hofstad nor the Estate of Benjamin H. Thomas intend to respond to the motion. Dkt. No. 67 at 1 n.1. Nor does it appear that either co-defendant joins Mr. Thomas's opposition. *See* Dkt. No. 66 at 7 (Mr. Thomas's opposition brief not signed by either co-defendant's legal counsel).

amended case schedule within **fourteen (14) days** of the Court's decision on Plaintiff's separately pending motion for reconsideration.

This case has been ongoing since 2019, originally before the Honorable Richard Jones, United States District Judge. It was delayed twice: (1) once on Mr. Thomas's motion to allow for state court proceedings that could potentially bear on the issues in this case to conclude (*see* Dkt. No. 33); and (2) again upon the Court's own motion for similar reasons (*see* Dkt. No. 58). After the initial stay was lifted, Judge Jones granted Mr. Thomas partial summary judgment on his counter-claim for declaratory relief pursuant to RCW 63.29.350. Dkt. No. 49. Shortly thereafter, Plaintiff moved for reconsideration of the Court's decision on summary judgment. Dkt. No. 53. In response, the Court noted the pendency of an appeal before the Ninth Circuit, whose decision could impact the Court's decision on reconsideration, and stayed the case again, striking the motion for reconsideration without prejudice. Dkt. No. 58. The Parties filed their post-appeal joint status report as directed by the Court on March 27, 2023. Dkt. No. 59. The Court then lifted the stay, entered a new trial date of February 5, 2024, and amended pre-trial schedule, and granted Plaintiff leave to refile its motion for reconsideration, if appropriate. Dkt. No. 60. Plaintiff renewed its motion for reconsideration of the Court's summary judgment decision on April 10, 2023. Dkt. No. 61. Before Judge Jones was able to decide that motion, on September 18, 2023, he chose to recuse, and the case was reassigned to the Honorable Tana Lin, United States District Court Judge. Dkt. No. 62.

The Court may modify scheduling orders for good cause. Fed. R. Civ. P. 16(b)(4). Additionally, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This includes the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an

incident to its power to control its own docket."); *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) ("Courts have the power to consider stays *sua sponte*."). The Court, being newly assigned the case and needing to avoid scheduling conflicts with its already established trial calendar, finds good cause to vacate the trial date and pre-trial schedule entered by Judge Jones until after it has resolved the still pending renewed motion for reconsideration.[2] As such, the Court GRANTS Plaintiff's motion and VACATES the February 5, 2024, trial date and remaining pre-trial deadlines. The Court ORDERS the Parties to file a joint status report and proposed amended case schedule within **fourteen (14) days** after the Court enters its decision on the renewed motion for reconsideration.

Dated this 3rd day of November 2023.

Tana Lin
United States District Judge

---

[2] The Court acknowledges that Plaintiff's grounds for vacating the trial schedule, and Mr. Thomas's opposition, rely on the Court's consideration of proceedings in a separate case involving Plaintiff and Mr. Thomas's counsel (although Mr. Thomas is not a party to that action), in which similar issues have been raised as are currently pending before this Court in the renewed motion for reconsideration. *See* Dkt. Nos. 65–67 (generally, the Parties' briefing on motion to vacate). Finding alternate grounds for good cause to grant the motion to vacate, the Court need not address the specific arguments raised in the motion briefing.

ORDER ON MOTION TO VACATE - 3