UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEN BRIDGES LLC,<br><br>        Plaintiff,<br>v.<br><br>SUSAN HOFSTAD, et al.,<br><br>        Defendants. | CASE NO. 2:19-cv-01134-TL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

    This case arises from a dispute over the right to recover surplus proceeds stemming from a foreclosed property sale. This matter is before the Court on Plaintiff's Renewed Motion for Reconsideration of Court's Order on Summary Judgment. Dkt. No. 61. Having considered the relevant record, the Court DENIES the motion to reconsider.

## I.    BACKGROUND

    The Court assumes familiarity with the facts of the case. This matter arises from a dispute over the validity of a quitclaim deed that purportedly grants Plaintiff Ten Bridges LLC ("Ten Bridges") the right to claim surplus proceeds from a foreclosure sale of decedent Benjamin

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Thomas's home over the intestacy claim of Defendant Justin Thomas, Benjamin's nephew and one of his closest surviving relatives.

At issue in this motion is the Court's June 30, 2022, Order granting summary judgment on Defendant Thomas's counterclaim for declaratory judgment and finding that the quitclaim deed in this case is void and unenforceable because it violated RCW 63.29.350. Dkt. No. 49 at 5–6. On March 31, 2022, the Washington Legislature repealed RCW 63.29 *et seq.*, the Uniform Unclaimed Property Act (which included the code provision at issue in this case), and enacted RCW 63.30 *et seq.*, the Revised Uniform Unclaimed Property Act. 2022 Wash. Legis. Serv. Ch. 225 (S.S.B. 5531). The repeal and amendments were set to take effect simultaneously on January 1, 2023. *Id.* Previously, RCW 63.29.350 made it unlawful for a person to charge excessive fees to locate unclaimed surplus foreclosure proceeds on behalf of the rightful claimant of the property and made any violation a *per se* unfair practice under RCW 19.86, the Washington Consumer Protection Act ("WCPA"). *See* 2012 Wash. Legis. Serv. Ch. 117 (S.B. 6095) (repealed 2022). The revised statutes at RCW 63.30 neither include an analogous provision nor explicitly reference the repeal of RCW 63.29.350.

## II. Procedural History

This case was originally filed on July 22, 2019. Dkt. No. 1. In November 2020, the Court granted a motion to stay pending two state court appeals involving Plaintiff, the resolution of which the Court found "would simplify the questions before the Court." Dkt. No. 33. In both cases on appeal, Ten Bridges challenged the King County Superior Court's findings that RCW 63.29.350 voided quitclaim deeds for surplus foreclosure proceeds that Ten Bridges had acquired under substantially similar circumstances. *See Pinehurst Lane Cond. Assoc. v. Guandai, et al.*, King Cnty. Sup. Ct., No. 15 2 26658 6 SEA; *Carlyle Cond. Owners Assoc. et al. v. Asano et al.*, King Cnty. Sup. Ct., No. 15 2 26658 6 SEA. While this case was stayed, the Washington

Case 2:19-cv-01134-TL   Document 72   Filed 12/05/23   Page 3 of 6

Court of Appeals, Division One, affirmed the findings in both cases. *See* Dkt. No. 34; *see also Ten Bridges, LLC v. Guandai*, 474 P.3d 1060 (Ct. App. 2020), *review denied*, 474 P.3d 515 (Wash. 2021), and *review denied sub nom. Ten Bridges v. Asano*, 487 P.3d 517 (Wash. 2021). Defendant Thomas then moved to lift the stay in this case and for summary judgment against Plaintiff on his counterclaim for declaratory relief as to the validity of the relevant quitclaim deed pursuant to RCW 63.29.350, as well as on his WCPA counterclaims, to which Defendants Susan Hofstad and the Estate of Benjamin Thomas joined. Dkt. Nos. 35, 37, 38. Plaintiff did not oppose the motion to lift the stay but did oppose the motion for summary judgment. Dkt. No. 39. On June 2, 2022, while the summary judgment motion was still pending, Plaintiff filed a notice of supplemental authority, alerting the Court to the legislative action repealing RCW 63.29.350. Dkt. No. 47. On June 30, 2022, the Court issued an order on the summary judgment motion, granting in part summary judgment on Defendant Thomas's counterclaim for a declaration finding the quitclaim deed unenforceable, consistent with the rulings in the state court actions, but denying summary judgment as to his counterclaims under the WCPA. Dkt. No 49. Plaintiff's claims for declaratory judgment regarding the quitclaim deed were consequently dismissed with prejudice. *Id.* at 8.

Plaintiff moved for reconsideration of the Court's dismissal of its claims. Dkt. No. 53. Plaintiff then filed a notice of supplemental materials, calling the Court's attention to a then-pending Ninth Circuit appeal involving similar issues and arguments raised in its motion for reconsideration. Dkt. No. 57 (citing *Ten Bridges, LLC v. Midas Mulligan, LLC*, No. 21-35896, 2022 WL 17039001 (9th Cir. Nov. 17, 2022)). In response, the Court entered another stay, ordered the Parties to file a joint status report pending the Ninth Circuit's resolution of the appeal, and struck Plaintiff's motion to reconsider without prejudice to refiling once the stay was lifted. Dkt. No. 58. In March 2023, the Parties filed a Joint Status Report that included the Ninth

Circuit's decision in *Midas Mulligan*. Dkt. No. 59. The Court then lifted the stay and granted Plaintiff leave to refile its motion for reconsideration, if appropriate. Dkt. No. 60. On April 10, 2023, Plaintiff renewed its motion for reconsideration of the Court's order on summary judgment. Dkt. No. 61.[1]

## I. LEGAL STANDARDS

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## II. DISCUSSION

Plaintiff contends that the Court incorrectly characterized RCW 63.29.350 as a statutory amendment and not a repeal in finding the quitclaim deed unenforceable as a matter of law. *See* Dkt. No. 61 at 2–5. Plaintiff does not appear to argue that previously unavailable evidence or

---

[1] This case was originally assigned to the Honorable Judge Richard Jones who recused himself on September 18, 2023, while this motion was pending. Dkt. No. 62. The case was reassigned to the Honorable Judge Tana Lin. *Id.*

1 authority warrants reconsideration.² Plaintiff's only ground for reconsideration is therefore
2 manifest error.

3     Plaintiff fails to establish that the Court committed a manifest error. Plaintiff primarily
4 assigns error to the Court's characterization of the legislative action in 2022 repealing
5 RCW 63.29.350 as an amendment, and its reliance on *In re Flint*, 277 P.3d 657 (Wash. 2012) (en
6 banc), in applying the presumption that statutory amendments only operate prospectively. *See*
7 Dkt. No. 61 at 3–5. Plaintiff's argument fails because the Court correctly applied then-current
8 law when rendering its summary judgement ruling. *Bradley v. Sch. Bd.*, 416 U.S. 696, 711
9 (1974) ("a court is to apply the law in effect at the time it renders its decision, unless doing so
10 would result in manifest injustice or there is statutory direction or legislative history to the
11 contrary"); *see also Ten Bridges, LLC v. Midas Mulligan, LLC*, Nos. C21-35896, C21-35921,
12 2022 WL 17039001, at *4 (9th Cir. Nov. 17, 2022) (same).

13     Plaintiff misconstrues the Court's order granting partial summary judgment in its attempt
14 to assign error. Plaintiff argues that the Court's order declaring the quitclaim deed void as a
15 matter of law was primarily based on a misapplication of the presumption regarding statutory
16 amendments in reliance on *In re Flint*. Dkt. No. 61 at 3–5. In actuality, the Court's discussion of
17 the presumption was essentially *dicta*. The Court directly rejected Plaintiff's "repeal versus
18 amendment" arguments because the revised statues had not yet taken effect at the time of its
19 order. Dkt. No. 49 at 6. It raised the presumption of prospective application from *In re Flint*
20 hypothetically, noting that it would be relevant only "*if* the revised statute had taken effect." *Id.*
21 (emphasis added). Although the legislature had already acted at the time the Court made the
22 ruling at issue, the repeal had an effective date six months in the future which meant that

---

² Plaintiff does not cite to any legal authority or factual evidence that was unavailable at the time the Parties briefed the summary judgment motions. *See generally* Dkt. No. 61.

1   RCW 63.29.350 was still in effect. Therefore, the Court's application of the still-effective

2   RCW 63.29.350 at the time was not erroneous.[3] Indeed, the Ninth Circuit affirmed the

3   application of this very code provision against Ten Bridges in a decision dated nearly five

4   months after the summary judgment order at issue here. *See Midas Mulligan*, 2022 WL

5   17039001, at *4. There, the Ninth Circuit specifically noted that the impending repeal of the

6   code provision did not impact the disposition of the case before it because the repeal had not yet

7   become effective. *Id.* (affirming the district court's application of RCW 63.29.350 in November

8   2022, even after "the Washington State Legislature acted to repeal that UUPA provision . . . ,

9   [because] the repeal [was] not effective until January 1, 2023").

### III.   CONCLUSION

Plaintiff has failed to identify a manifest error in the Court's ruling on summary judgment. Consequently, Plaintiff's renewed motion for reconsideration (Dkt. No. 61) is DENIED.

Dated this 5th day of December 2023.

Tana Lin
United States District Judge

---

[3] Plaintiff specifically challenges an order that was decided prior to the effective date of the statutory repeal, and that is the basis of this Order. The Parties will be proposing an amended case schedule. *See* Dkt. No. 69. The Parties have also filed supplemental briefing (Dkt. Nos. 70–71) regarding the impact of the now effective repeal on this case, which the Parties may address through subsequent motion practice, if appropriate.